### EDISON ELECTRIC LIGHT CO. et al. v. GOELET et al.

(Circuit Court, S. D. New York. February 10, 1894.)

INJUNCTION—TRIVIAL VIOLATION—GOOD FAITH.
  A defendant will not be punished for violation of an injunction restraining the use of articles which infringe plaintiff's patent when he has made an honest effort to remove the offending articles from the premises where they were used, though, by an oversight, a few remain.

This was a suit by the Edison Electric Light Company and the General Electric Company against Robert Goelet, Robert Stafford, and others to restrain the infringement of a patent. An injunction having been granted, plaintiffs move to punish defendants for contempt in violating the same.

Eugene Lewis and Richard N. Dyer, for complainants.
James M. Gifford, for defendants.

LACOMBE, Circuit Judge. As to the lamps of the Sawyer-Man pattern, I do not think disobedience of the order is sufficiently made out. Defendants seem to have made an honest effort to remove the offending lamps, and if, through the oversight of their employés, a few were still left, that fact, though technically a disobedience, is so unsubstantial in extent that attachment ought not to issue.

As to the other lamps: The injunction forbade the use by defendants of "any incandescent lamps made in accordance with or embodying or containing the invention described and claimed in said letters patent, and particularly pointed out in claim 2 thereof; the combination of carbon filaments, with a receiver made entirely

of glass, and conductors passing through the glass, and from which receiver the air is exhausted." It also enjoined the use of "any incandescent electric lamps like those [theretofore] used * * * in infringement of claim 2 of said letters patent." It is not disputed that the lamps complained of fall within the first of these two classes; and the use of the lamps since injunction was served is admitted. That being so, the complainants have sufficiently proved a violation of the injunction, unless defendants are able to show that, nevertheless, they have the right to use these lamps. They seek to justify under the principles of law laid down in Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879, contending that "the sale by a person who has the full right to make, sell, and use a patented [article] carries with it the right to the use of that [article] to the full extent to which it can be used in point of time." The difficulty with such defense in this case, however, is that it is not proved. There is no evidence that these particular lamps ever passed out from under the monopoly by reason of a sale of them by a person who has the right to sell and use anywhere. On the contrary, the defendants most carefully, and evidently of intention, refrain from telling even of whom they bought, and make no effort to show that their vendor had any right to sell.

As indicated upon the oral argument, defendants may have 10 days' further time in which to file additional affidavits tending to show a sale such as would take these lamps out of the monopoly. Failing that, complainants may take an order.